### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. COGLEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-1152 |
| ) | |
| v. ) | District Judge W. Scott Hardy |
| ) | Magistrate Judge Kezia O. L. Taylor |
| SGT. R. FUNDARK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Presently before the Court is the Report and Recommendation ("R&R") entered by Magistrate Judge Kezia O. L. Taylor in this matter on November 18, 2024. (Docket No. 71). The R&R recommends that the Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 46), filed by Defendant Sgt. R. Fundark ("Sgt. Fundark"), be granted in part and denied in part. (Docket No. 71 at 1, 12-13). Service of the R&R was made on *pro se* Plaintiff James A. Cogley ("Plaintiff") via U.S. Mail and on Sgt. Fundark electronically via CM/ECF, and the parties were informed that any objections to same by registered CM/ECF users were due by December 2, 2024, while objections to same by unregistered CM/ECF users were due by December 5, 2024. (*Id.* at 13 and Docket text entry). Thereafter, neither party filed any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because neither party has filed any objections to the R&R, which explicitly stated that failure to file timely objections "will

1

constitute a waiver of any appellate rights" (Docket No. 71 at 13), we review the magistrate judge's decision for plain error. *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R, Plaintiff's Amended Complaint (Docket No. 43)[1], and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Taylor's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court, and will grant in part and deny in part Sgt. Fundark's motion to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), as set forth more fully therein. In so ruling, the Court agrees with Judge Taylor's determination that, as to Plaintiff's Fourth Amendment excessive force claim, Sgt. Fundark is not entitled to qualified immunity at this early stage of the case, but he is not precluded from reasserting qualified

---

[1] Plaintiff's 48-page Amended Complaint, although filed as one document, is comprised of three separate and distinct amended complaints, titled "Amended Complaint Part - A," "Amended Complaint Part - B," and "Amended Complaint Part - C," with each part containing claims against various defendants including Sgt. Fundark. (Docket No. 43). After the defendants filed motions to dismiss the Amended Complaint, Plaintiff moved to voluntarily dismiss from this action all the defendants except for Sgt. Fundark, and the Court granted Plaintiff's motion. (*See* Docket No. 58, Order granting Plaintiff's Motion to Voluntarily Dismiss all Defendants except for Defendant Fundark). In Sgt. Fundark's separately filed motion to dismiss and brief (which were filed before the other defendants were dismissed), he requests dismissal of Parts B and C of the Amended Complaint since those parts make no allegations against him. (Docket Nos . 46, ¶ 7; 47 at 16-17). In response to Sgt. Fundark's motion to dismiss, Plaintiff concedes that Part A is the only part of the Amended Complaint that relates to Sgt. Fundark. (*See* Docket Nos. 46, ¶ 6; 56, ¶ 6). Given that the three sections of Plaintiff's Amended Complaint deal with three distinct events, Judge Taylor recommends, for housekeeping purposes, that Plaintiff's Amended Complaint be comprised of Part A only. (Docket No. 71 at 2-3 n.1).
  In light of these events and the nature of the Amended Complaint, the Court agrees with Judge Taylor and notes that, for purposes of Docket clarity, since all the defendants other than Sgt. Fundark have been dismissed from this case, since the claims alleged against those defendants in Parts B and C of the Amended Complaint have also been dismissed, and since the allegations in Parts B and C of the Amended Complaint do not relate to Sgt. Fundark, accordingly, **Part A of the Amended Complaint, which relates to Sgt. Fundark, is the operative remaining portion of the Amended Complaint**.

immunity, if appropriate, at a later stage of the litigation. (Docket No. 71 at 6-10). The Court also agrees with Judge Taylor that Plaintiff's state law negligence claims should be dismissed because Sgt. Fundark is entitled to immunity under Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. C.S.A. § 8541 *et seq.*, and such claims should be dismissed with prejudice because amendment thereto would be futile. (Docket No. 71 at 10-11). The Court further agrees that Sgt. Fundark's motion should be denied to the extent it seeks dismissal of Plaintiff's state law assault and battery claim based on immunity under the PSTCA, since assault and battery is an intentional tort to which immunity under the PSTCA does not extend. (*See id.* at 11). Additionally, the Court agrees with Judge Taylor that, to the extent Plaintiff seeks to state a *Monell* claim against Sgt. Fundark in his official capacity (under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)), that claim should be dismissed since Plaintiff has not identified any policy or custom that deprived him of a constitutional right, although such claim should be dismissed without prejudice so that Plaintiff may amend that claim, if appropriate. (Docket No. 71 at 11-12).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 7th day of January, 2025,

IT IS HEREBY ORDERED that the R&R (Docket No. 71) is ADOPTED as the Opinion of the Court.

For the reasons set forth in the R&R, IT IS FURTHER ORDERED that Sgt. Fundark's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) (Docket No. 46) is **granted in part and denied in part**. Accordingly:

1. The motion is **granted** as to Plaintiff's state law negligence claims, and those claims are **dismissed with prejudice**.

2. The motion is **denied** as to Plaintiff's Fourth Amendment excessive force claim and his state law assault and battery claim.

3. The motion is **granted** as to Plaintiff's *Monell* claim, and that claim is **dismissed without prejudice** to amendment, if appropriate.

4. If Plaintiff wishes to file a Second Amended Complaint to correct the substantial pleading deficiencies identified in the R&R as to his *Monell* claim, he shall do so, in a pleading that fully alleges every claim he wishes to pursue against Sgt. Fundark and that stands by itself without reference to the original or Amended Complaint, by **January 28, 2025**, in which case Sgt. Fundark shall respond thereto by **February 18, 2025**. If Plaintiff does not file a Second Amended Complaint in accordance with this Memorandum Order by **January 28, 2025**, then his *Monell* claim will be **dismissed with prejudice**, and Sgt. Fundark shall respond to the remaining claims in the Amended Complaint by **February 18, 2025**.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   James A. Cogley (via U.S. Mail)
          All counsel of record

4